UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANCE B. FRIDRIKSSON,

    Plaintiff,

v.                                                          Case No. 8:17-cv-741-T-36TGW

Dr. KEVIN KYLE, et al.,

    Defendants.
_____/

**ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 56), which Plaintiff opposes (Dkt. 57). Upon consideration, the Motion to Dismiss will be DENIED.

**I. ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

On January 5, 2017, Plaintiff, a prisoner incarcerated at Pinellas County Jail at the time, slipped and fell injuring his right ankle, right wrist, cervical spine, and lumbar spine. He was seen by Defendant Nurse Robinson-Nash. She documented Plaintiff's swelling, tenderness, and pain, and diagnosed him with a sprain, but refused to order an x-ray.

On January 11, 2017, Plaintiff continued to have severe pain. He was seen by Defendant Nurse Williams. She evaluated Plaintiff and documented that he was in pain, but refused to treat Plaintiff, order an x-ray, and place him on the list to see a physician.

On January 21, 2017, Plaintiff was seen by Defendant Nurse Bumiller. She refused to provide Plaintiff with medical treatment for any of his conditions other than his hypertension.

Plaintiff was seen on several occasions by Defendant Dr. Kyle. Dr. Kyle refused to provide treatment for Plaintiff's injuries from his slip and fall, and for his cardiac, respiratory, and gastrointestinal problems.

Plaintiff subsequently discovered that he had a fracture in his right wrist, bulging discs in

his neck and back, and renal failure caused by the lack of treatment he received at the Jail. He contends that Defendants were deliberately indifferent to his serious medical conditions in violation of the Eighth Amendment. As relief, he seeks monetary damages.

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6), Fed.R.Civ.P. Rule 12(b)(6) provides that any defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. In deciding whether to grant a motion to dismiss on this ground, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA America Bank. N.A.*, 244 Fed. Appx. 939, 941 (11th Cir. 2007) (unpublished) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions. . . ." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters. Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group. Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. Of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## III. DISCUSSION

Plaintiff brings claims for deliberate indifference to his serious medical needs in violation

of his Eighth Amendment rights.  To state a claim for deliberate indifference to serious medical needs, a prisoner must allege facts sufficient to show that he had a serious medical need, and that officials knowingly disregarded that need and the substantial risk it posed.  *See Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011) (citation omitted).  Defendants contend that Plaintiff has failed to state a claim for deliberate indifference to a serious medical need.  The Court disagrees.

Plaintiff has alleged sufficient facts indicating that he had a serious medical need.  Plaintiff had a fractured wrist and bulging discs in his spine, apparently sustained from a slip and fall at the Jail.  *See Brown v. Hughes*, 894 F.2d 1533, 1538 n.4 (11th Cir. 1990) ("Evidence of recent traumatic injury. . .has generally been sufficient to demonstrate a serious medical need.").  According to Plaintiff, those injuries caused him severe pain.  *See McElligott v. Foley*, 182 F.3d 1248, 1255-59 (11th Cir. 1999) (severe pain that is not promptly or adequately treated can constitute a serious medical need depending on the circumstances).  And he had serious chronic conditions, including a kidney condition that led to renal failure.

He has also sufficiently alleged that Defendants were deliberately indifferent to his serious medical needs.  Defendants had subjective knowledge of a risk of serious harm to Plaintiff.  He informed Defendants that he had fallen and hurt his wrist, ankle, neck, and back and was in significant pain.  Defendants disregarded the pain and risk to Plaintiff by refusing to obtain any diagnostic testing and  provide any treatment for his injuries and pain.  *See McElligott*, 182 F.3d at 1257 ("Our cases. . .have recognized that prison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain.").  And Defendant Kyle's refusal to treat Plaintiff's chronic conditions likewise amounts to deliberate indifference.  *See, e.g., Harris v. S. Health Partners, Inc.,* 2013 WL 2387740, at *5 (M.D. Ga. May 30, 2013) (prisoner's enlarged heart, hypertension, cardiac disease, depression, and diabetes "individually and/or collectively amounted to a 'serious medical need.'").

Finally, to the extent Defendants contend that they are entitled to qualified immunity (*see* Dkt. 56, p. 8, ¶ 33), Plaintiff's right to adequate medical care was sufficiently "clearly established" that a reasonable official would understand that what he was doing in the alleged circumstances violated Plaintiff's rights. *See McElligott*, 182 F.3d at 1260 (noting that "qualified immunity seeks to ensure that defendants 'reasonably can anticipate when their conduct may give rise to liability,' by attaching liability only if '[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" (quoting *United States v. Lanier*, 520 U.S. 259, 270 (1997))); *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (grossly inadequate medical care that causes an inmate to unnecessarily suffer severe pain is a clear violation of a prisoner's rights).

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 56) is **DENIED**.

2. Defendants shall answer the Second Amended Complaint within **fourteen (14) days** of this Order.

**DONE and ORDERED** in Tampa, Florida on November 6, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to: *Pro Se* Plaintiff
Counsel of Record